# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JA'QUAD DOMINIQUE MCDUFFIE,**

    *Petitioner,*

v.                                              **Case No. 6:16-cv-1038-Orl-31DAB**

**UNITED STATES OF AMERICA**

    *Respondent.*
_____/

## UNOPPOSED MOTION TO CONTINUE STAY

Mr. Ja'Quad Dominique McDuffie, through undersigned counsel, respectfully notifies the Court that a decision has been rendered by the en banc Eleventh Circuit Court of Appeals in *Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018) (en banc).[1] Mr. McDuffie respectfully requests that this Court continue the stay in this case pending the Supreme Court's resolution of whether 18 U.S.C. § 924(c)(3)(B) is unconstitutional, and as grounds in support thereof states the following:

In *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court held that 18 U.S.C. § 16(b) was unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Subsequently, a divided *en banc* Eleventh Circuit held in *Ovalles*

---

[1] The en banc Court remanded the case to the panel for further proceedings and an opinion was issued in the underlying case No. 17-10172, *Ovalles v. United States*, 905 F.3d 1300 (11th Cir. 2018). The mandate was issued on December 3, 2018. In its Order granting Mr. McDuffie's motion to continue the stay in his case pending the mandate in *Ovalles*, the Court instructed that: "Petitioner shall either file a motion to reopen this case or otherwise notify the Court within FIFTEEN (15) DAYS from issuance of a decision in these cases." Doc. 19 at 2.

that § 924(c)(3)(B), an identically worded statute, is not unconstitutionally vague. *See Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018) (en banc). The First and Second Circuits have also upheld the constitutionality of § 924(c)(3)(B). *See United States v. Douglas*, 907 F.3d 1 (1st Cir. 2018); *United States v. Barrett*, 903 F.3d 166 (2d Cir. 2018).

By contrast, the Fifth, Tenth, and D.C. Circuits have held that § 924(c)(3)(B) is unconstitutionally vague in light of *Dimaya*. *See United States v. Davis*, 903 F.3d 483 (5th Cir.), *petition for cert. pending* (U.S. No. 18-431) (filed Oct. 3, 2018) *United States v. Salas*, 889 F.3d 681, 684-86 (10th Cir.), *petition for cert. pending* (U.S. 18-428) (filed Oct. 3, 2018)*; United States v. Eshetu*, 898 F.3d 36, 37-38 (D.C. Cir.), *petition for reh'g pending,* No. 15-3020 (D.C. Cir. Filed Aug. 31, 2018).

The Solicitor General filed petitions for a writ of certiorari in the Supreme Court in two cases, seeking review of the same issue presented here. *United States v. Davis & Glover* (U.S. No. 18-431) (cert. filed Oct. 3, 2018); *United States v. Salas* (U.S. No. 18-428) (cert. filed Oct. 3, 2018). The government urged the Supreme Court to grant review because this "issue has generated circuit disagreement, caused widespread confusion in the lower courts, and impeded the enforcement of a federal statute that is critically important to controlling violent crime." *Davis*, Cert. Pet. 21; *see also Salas*, Cert. Pet. 7. According to the dockets, the respondents in *Davis* and *Glover* filed their briefs in opposition to certiorari review on November 30, 2018. The respondent in *Salas* filed his opposition brief on December 7, 2018, and the government waived the 14-day waiting period for distribution in *Salas*. It is expected

that the petitions will be distributed to the Supreme Court for a conference in January 2019.

As such, Supreme Court review of this issue is likely imminent. The circuits are openly divided on this important question of criminal law, and the government has urged that this "widespread post-*Dimaya* disruption warrants th[e] [Supreme] Court's immediate attention." *Id.* at 23. The Supreme Court frequently grants certiorari petitions filed by the government, even where there is no circuit conflict.[2] Given the clear circuit conflict here, and the government's request for immediate review, the Supreme Court will very likely resolve the issue this term.

The procedural posture of this case and the interests of justice warrant continuing the stay in this case. Resolving this case, and others like it, while Supreme Court review is imminent, would be an inefficient expenditure of judicial resources. For the same reasons this Court granted a stay in this case pending the *en banc* decision in *Ovalles*, it is appropriate to continue the stay pending resolution of this dispositive issue by the Supreme Court. Furthermore, in light of the procedural posture of this case, continuing the stay also promotes the fair administration of justice because this is an initial § 2255 motion, and there are strict limitations governing second or successive § 2255 motions.

---

[2] *See, e.g.*, Adam Feldman & Alexander Kappner, *Finding Certainty in Cert: An Empirical Analysis of the Factors Involved in Supreme Court Certiorari Decisions from 2001-15*, 61 Vill. L. Rev. 795, 828 (2017) ("The SGs' success rates, as predicted, far exceed even the top performing attorneys in private practice. Each SG studied had a rate of cert grants greater than 65%.").

The Eleventh Circuit has recently granted or continued stays of several similar § 924(c)-related proceedings pending Supreme Court review of the Solicitor General's petitions requesting resolution of whether 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. *See Johnson v. United States*, No. 17-12983 (11th Cir. Nov. 13, 2018); *Enix v. United States*, No. 17-11716 (11th Cir. Oct. 31, 2018); *Soto-Martinez v. United States*, No. 18-10335 (11th Cir. Oct. 31, 2018); *Crawford v. United States*, No. 18-11040 (11th Cir. Oct. 29, 2018); *Henderson v. United States*, No. 17-15464 (11th Cir. Oct. 25, 2018); *Vega v. United States*, No. 17-13933 (11th Cir. Oct. 18, 2018). The district court has also granted a stay in a similar case. *See Williams v. United States*, No. 3:16-cv-789-J-34MCR (M.D. Fla. Nov. 19, 2018).

The undersigned has contacted AUSA Chauncey Bratt regarding this motion, who stated that the United States does not oppose continuing the stay of this case. This motion is filed in good faith and not for delay, and Mr. McDuffie will not be prejudiced by the delay.

Accordingly, Mr. McDuffie requests that this Court continue the stay of this matter pending ruling by the Supreme Court on the petition for writ of certiorari in *United States v. Davis*, No. 18-431 and *United States v. Salas*, No. 18-428. Upon action by the Supreme Court in *Davis* and *Salas*, the undersigned will confer with the United States and promptly alert the Court as to how to proceed with the stay of this case.

## CONCLUSION

For the foregoing reasons, Mr. Ja'Quad Dominique McDuffie respectfully requests that the Court continue the stay in this case pending the Supreme Court's resolution of whether § 924(c)(3)(B) is unconstitutionally vague.

Respectfully submitted this December 18, 2018.

Donna L. Elm, Federal Defender

*/s/ Juliann Welch*
Juliann Welch
Research and Writing Attorney
Florida Bar Number 1003171 400
North Tampa St., Suite 2700
Tampa, Florida 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
E-Mail: Juliann_Welch@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that undersigned electronically filed the foregoing with the Clerk of Court (CM/ECF) by using the CM/ECF system, which will send an electronic notice to the United States Attorney's Office, this December 18, 2018.

*/s/ Juliann Welch*
Juliann Welch
Research & Writing Attorney
Attorney for Movant
