UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JA'QUAD DOMINIQUE MCDUFFIE,

    Petitioner,

v.                                      CASE NO. 6:16-cv-1038-Orl-31DCI
                                                       (6:11-cr-402-Orl-31DCI)

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This cause is before the Court on Petitioner's Unopposed Motion to Continue Stay. (Doc. 22). The Court initially stayed these proceedings pending the Eleventh Circuit Court of Appeals' decision in *McKinley v. United States*, No. 16-16188 (granting a certificate of appealability on the issue of whether *Johnson v. United States*, 135 S. Ct. 2551 (2015) extends to the residual clause). (Doc. 17). The Court subsequently continued the stay of the proceedings in light of *Ovalles v. United States*, 889 F.3d 1259 (11th Cir. 2018) (granting rehearing en banc to determine (1) whether the risk of force clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague in light of *Dimaya*; and (2) whether the court should overrule *United States v. McGuire*, 706 F.3d 1333, 1336-37 (11th Cir. 2013) (requiring courts to apply the categorical approach in determining whether an offense constitutes a crime of violence under § 924(c)(3)). (Doc. 19).

On October 4, 2018, the Eleventh Circuit held that the residual clause in 18 U.S.C. § 924(c)(3)(B) does not require application of the categorical approach and is not unconstitutionally vague. *Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018). Similarly, the First and Second Circuits have held that § 924(c)'s residual clause is not unconstitutionally vague. *See United States v. Douglas*, 907 F.3d 1, 16 (1st Cir. 2018); *United States v. Barrett*, 903 F.3d 166, 178 (2d Cir. 2018). In contrast, the Fifth, Tenth, and D.C. Circuit Courts have held that, applying the categorical approach, the residual clause in § 924(c) is unconstitutionally vague. *See United States v. Davis*, 903 F.3d 483, 486 (5th Cir. 2018); *United States v. Eshetu*, 898 F.3d 36, 27 (D.C. Cir. 2018); *United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018).

The Solicitor General has filed petitions for writ of certiorari with the Supreme Court of the United States in *Davis*, No. 18-431 (Oct. 3, 2018), and *Salas*, No. 18-428 (Oct. 3, 2018). Additionally, the Eleventh Circuit has stayed several cases involving § 924(c) pending the resolution of the petitions for writ of certiorari. *See, e.g.*, *Enix v. United States*, No. 17-11716 (11th Cir. Oct. 31, 2018); *Soto-Martinez v. United States*, No. 18-10335 (11th Cir. Oct. 31, 2018); *Crawford v. United States*, No. 18-11040 (11th Cir. Oct. 29, 2018).

Petitioner's sole ground for relief is whether his conviction and sentence for a violation of 18 U.S.C. § 924(c)(1)(A) is improper because the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. The Court concludes that the procedural posture of the case and the interests of justice warrant continuing the stay of the proceeding pending a decision by the Supreme Court of the United States.

Accordingly, it is **ORDERED** as follows:

1. Petitioner's Unopposed Motion to Continue Stay (Doc. 22) is **GRANTED**. The stay of this case will continue pending the Supreme Court of the United States' decision regarding the petitions for writ of certiorari filed in *Davis* and *Salas*.

2. Petitioner shall file a motion to reopen this case or otherwise notify the Court within **FIFTEEN (15) DAYS** from issuance of a decision in these cases.

**DONE AND ORDERED** in Orlando, Florida, this 19th day of December, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 12/19
Counsel of Record